**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **AUDREY WADSWORTH,** | ) | |
| | ) | **1:17-cv-08167** |
| Plaintiff, | ) | |
| | ) | **Judge Kendall** |
| v. | ) | **Magistrate Judge Weisman** |
| | ) | |
| **KROSS, LIEBERMAN & STONE, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

Pursuant to N.D. Ill. L.R. 56-1(a)(3), Plaintiff AUDREY WADSWORTH ("Plaintiff"), by and through the undersigned counsel, submits the following Statement of Material Facts not in Dispute in Support of her Motion for Summary Judgment.

1. On or about September 15, 2016, PRA Health Sciences, Inc. ("PRA") made an offer of employment to Plaintiff whereby Plaintiff would receive, in addition to an annual salary, a "sign-on bonus" to be paid out in two installments of $3,750 each. **Exhibit B**, Offer Letter.

2. The Offer Letter stated:

    "If you leave PRA's employ voluntarily or are terminated for cause less than eighteen months after receipt of the second $3,750 sign-on bonus payment, you agree to reimburse PRA for the entire amount of the sign-on bonus. You further agree that any amounts you owe to PRA may be deducted from your final paycheck to the extent permissible by law." *Id.*

3. In September of 2016, Plaintiff accepted PRA's offer of employment and began working for PRA as a Study Manager tasked with developing clinical trials in the

pharmaceutical industry. **Exhibit H**, Transcript of Deposition of Plaintiff, pg. 13, ln. 7-21.

4. Plaintiff used the funds from the sign-on bonus to pay medical bills and household expenses. **Exhibit A**, Declaration of Plaintiff.

5. As part of Plaintiff's employment with PRA, she agreed to be bound by the terms of an Employee Agreement, which provided, *inter alia*:

"In consideration for the compensation, benefits and reimbursements provided to you by PRA, you agree to promptly reimburse PRA for any amounts that may be owed by you to [PRA], and you authorize PRA to deduct from your final payroll and reimbursement checks any amounts you owe the company as of the final date of your employment." **Exhibit C**, Employee Agreement.

6. On or about September 14, 2017, PRA terminated Plaintiff's employment and asserted its entitlement to repayment of the sign-on bonus (hereinafter, the "Debt"). **Exhibit A**, Declaration of Plaintiff.

7. PRA terminated Plaintiff's employment because, due to a workload reduction with the client of PRA with whom Plaintiff had been working, her assignment had ended. **Exhibit J**, Transcript of Dep. of James Harrington, pg. 14, ln. 5-13.

8. According to PRA, Plaintiff became indebted to PRA in the total amount of the sign-on bonus immediately upon her termination, and such amount was owed by Plaintiff on the last day of her employment with PRA. **Exhibit K**, Transcript of Deposition of Daniel Johnson, pg. 25, ln. 4 – pg. 26, ln. 15.

9. On or about September 18, 2017, PRA referred the Debt to Defendant to seek collection from Plaintiff. **Exhibit E**, Defendant's Collection Notes.

10. Pursuant to PRA's contract with Defendant, Defendant was responsible for collecting delinquent accounts submitted to it by PRA in exchange for a contingent collection

fee of 25% of any amounts recovered with a total balance over 25%. **Exhibit F**, Contract between PRA and Defendant.

11. The agreement between PRA and Defendant provided an exhaustive list of services which would be provided by Defendant to PRA. *Id.*

12. The services that Defendant was to provide to PRA were 1) attempt to collect on outstanding balances; 2) begin the collection process the day after an employee's termination, unless such employee had already paid the debt to PRA; and 3) maintain up-to-date collection information via an online portal. *Id.* No other services are required or contemplated under the agreement. *Id.*

13. In the agreement between PRA and Defendant, Defendant represented that it was familiar with the FDCPA and agreed to comply with all requirements of the FDCPA at all times. *Id.*

14. On or about September 19, 2017, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt. **Exhibit D**, Collection Letter.

15. In the aforesaid correspondence dated September 19, 2017, Defendant stated:

    "Recently your employment with Pharmaceutical Research Associates has ended. In a review of your employment agreement, there is an amount due of $6135.00.

    It is important to resolve this balance immediately to prevent further collection activity, including credit reporting."

    . . .

> "This correspondence has been sent to you by a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose only. North Carolina Department of Insurance Number 1014."
>
> **Exhibit D**, Collection Letter.

16. The aforesaid correspondence sent by Defendant to Plaintiff dated September 19, 2017 was the first communication with Plaintiff regarding the Debt. Doc. #8, ¶ 15.

17. Defendant did not provide to Plaintiff, within five (5) days of its initial communication to collect the Debt, a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by Defendant. Doc. #8, ¶ 18.

18. On or about September 25, 2017, September 28, 2017, October 3, 2017 and October 4, 2017, Sharlene Scott, a representative of Defendant, placed telephone calls to Plaintiff. Doc. #8, ¶ 19.

19. In the aforementioned telephone calls, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose. Doc. #8, ¶ 20.

20. In the aforementioned telephone calls, Defendant's representative failed to identify from where she was calling or for whom she worked. Doc. #8, ¶ 21.

21. Defendant is not the creditor to whom the Debt is owed. **Exhibit G**, Defendant's Responses to Plaintiff's Discovery Requests, Pg. 21, Response to Requests to Admit No. 2.

22. Defendant is engaged in the business of collecting consumer debts and regularly collects consumer debts allegedly owed to another. **Exhibit G**, Defendant's

Responses to Plaintiff's Discovery Requests, Pg. 23, Response to Requests to Admit No. 10.

23. PRA asserted that Plaintiff owed the Debt to PRA immediately upon her termination from employment at PRA. **Exhibit B**, Offer Letter; Exhibit C, Employee Agreement; **Exhibit K**, Transcript of Deposition of Daniel Johnson, pg. 26, ln. 10-15; **Exhibit I**, Transcript of Deposition of Kimberly Smith, pg. 67, ln. 7-13.

24. PRA referred the Debt to Defendant for Defendant to collect the Debt from Plaintiff. **Exhibit K**, Transcript of Deposition of Daniel Johnson, pg. 26, ln. 16-18; **Exhibit F**, Contract between PRA and Defendant.

25. PRA does not refer any current accounts to Defendant for servicing. **Exhibit F**, Contract between PRA and Defendant.

26. Defendant's rate of success is approximately 20% higher on accounts that it classifies as "pre-collect", for which it does not abide by the FDCPA's provisions. **Exhibit I**, Transcript of Deposition of Kimberly Smith, pg. 57, ln 15-24.

27. The collection activities alleged in Plaintiff's Complaint were directed to Plaintiff, while she was residing in Fox River Grove, Illinois. **Exhibit D**, Collection Letter.

28. Plaintiff's Complaint asserts that Defendant has violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Doc. #1.

    Respectfully submitted,

    **AUDREY WADSWORTH**

    By:   s/ Andrew C. Wilson
          Attorney for Plaintiff

Dated: August 28, 2018

Andrew C. Wilson
FL Bar No. 103203
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: awilson@smithmarco.com
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on **March 1, 2018**, a copy of the foregoing *Statement of Material Facts Not in Dispute in Support of Plaintiff's Motion for Summary Judgment* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

By: s/ Andrew C. Wilson
Attorney for Plaintiff

Dated: August 28, 2018

Andrew C. Wilson
FL Bar No. 103203
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: awilson@smithmarco.com
*Admitted Pro Hac Vice*