IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUDREY WADSWORTH, | ) |
| *Plaintiff,* | ) ) ) |
| v. | No. 17 C 8167 |
| KROSS, LIEBERMAN & STONE, INC., | ) Judge Virginia M. Kendall ) ) ) |
| *Defendant.* | ) ) |

# ORDER

On February 1, 2019, the Court entered summary judgment for Audrey Wadsworth (Dkt. 40) because Kross, Lieberman & Stone, Inc. ("Kross") failed to comply with the disclosure requirements of the Fair Debt Collection Practices Act (FDCPA) when it tried to collect a signing bonus that she did not reimburse her former employer for after it fired her. Wadsworth now petitions the Court (Dkt. 45) for $45,550.00 in attorney's fees and $3,452.64 in costs under the Act. *See* 15 U.S.C. § 1692k(a)(3). Kross responded arguing the Act only entitles Wadsworth to reasonable fees and costs and those amounts are unreasonable because the parties could have settled this case months ago.

The FDCPA entitles a successful plaintiff to "the costs of the action, together with a reasonable attorney's fee as determined by the court." *Id.* The Act does not define what a reasonable fee is, and "[n]o precise formula exists." *Paz v. Portfolio Recovery Assocs., LLC*, 924 F.3d 949, 954 (7th Cir. 2019) (internal citations omitted). Courts "typically start[ ] with . . . the lodestar method (multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended) and then adjusting that figure to account for various factors, including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id.* (internal citations omitted). In determining the appropriate amount of attorney's fees and costs, this Court exercises "wide discretion." *Id.* (internal citation omitted).

Starting with the lodestar method, the Court uses $300 as the hourly rate for Wadsworth's main attorney (presumably the associate on the case), Andrew Wilson, and concludes that all 103.7 of his hours are reasonable. In addition, the Court

applies a $500 per hour and $475 per hour rate for the two name-partners supervising Mr. Wilson's work: Larry Smith and David Marco. Mr. Smith worked 9.8 hours and Mr. Marco worked 18.1 hours on Ms. Wadsworth's case, representing reasonable time spent overseeing the litigation. Finally, the Court employs a $145 hourly rate for the paralegals that spent a reasonable 6.5 hours on the case. Altogether, this amounts to $45,550.00 in attorney's fees. When it comes to costs, the amount Wadsworth seeks—$3,452.64—is reasonable because it compensates her for expenses incurred during the prosecution of her case.

Wadsworth delineates all her attorney's fees in her Statement of Services Rendered, which includes detailed activity descriptions. (Dkt. 45-2, Ex. B.) The Court has scrutinized the firm's timesheets for duplicative work and excessive billing but has identified none. *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858–59 (7th Cir. 2009) (internal citations omitted). What is more, the rates sought are substantiated by the declaration of David Phillips, a highly regarded consumer advocate in Illinois that is cognizant of the hourly rates levied in FDCPA cases brought in this District. (Dkt. 45-3, Ex. C, Declaration of David. J. Phillips.) Mr. Phillips reviewed the attorney time records and asserted they are efficient. *Id.* ¶ 17. The Court credits his sworn statement that the various rates sought "are reasonable rates and in line with the community of FDCPA practitioners . . ." *Id.* ¶ 16.

Kross neither disputes any of the attorneys' specific time entries as unnecessary, nor does it argue that the Court should adjust Wadsworth's figures because of the complexity of the legal issues, the degree of success obtained, and the public interest advanced by the litigation. Instead, Kross contends that Wadsworth's requested fees and costs are (1) disproportional to the statutory fees she recovered and (2) unreasonable given that Kross offered to settle the case early in discovery (three months after the complaint's filing and six months before dispositive motions) for a payment of $2,500.00 plus forgiveness of the $7,500.00 debt Wadsworth allegedly owes to her previous employer.

"[A]lthough there is no rule requiring proportionality between damages and attorney's fees, a district court may consider proportionality as one factor in determining a reasonable fee." *See Schlacher*, 574 F.3d at 857 (citing *Moriarty v. Svec*, 233 F.3d 955, 967–68 (7th Cir. 2000)). In this case, as in most (if not all) FDCPA cases, the attorney's fees sought are disproportional to the damages recovered under the Act. But this is less a byproduct of Wadsworth's conduct here and more a result of the deal Congress made in enacting the FDCPA. Without this type of economic incentive to enforce the rights recognized in the Act, many debtors—indeed, the public at large—would languish without their promised remedies.

More specifically, proportionality receives little weight as a factor in deciding Wadsworth's fees because she established a new principle of law and checked an ongoing harm. *See Paz*, 924 F.3d at 954 (recognizing that courts measure success in

FDCPA litigation beyond statutory damages) (internal citation omitted). First, the Court held, as a matter of first impression, that a signing bonus constitutes a debt under the Act. (Dkt. 40 at 1.) Second, there is some evidence in the record that Kross may have tried to evade the Act's reach because it had been more successful in recouping a debt when it did not comply with the Act than when it did. *Id.* at 2 n.2.

Another relevant consideration in determining what amount of fees is reasonable is Wadsworth's decision to reject Kross's settlement offer of $2,500.00 plus forgiveness of the $7,500.00 debt and instead proceed to dispositive motions. *See Paz*, 924 F.3d at 953 (quoting *Moriarty*, 233 F.3d at 967 (explaining that "[s]ubstantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply.")). It is worth noting that Rule 68 does not in fact apply in these circumstances because Kross offered settlement, *not* judgment. *See Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013); *see also McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 497 (6th Cir. 2014); *Cabala v. Crowley*, 736 F.3d 226, 230 (2d Cir. 2013).

Like proportionality, however, settlement has minimal pull here because the offer was insubstantial. *See Johnson v. GDF, Inc.*, 668 F.3d 927, 932 (7th Cir. 2012). So far as the Court can tell, the offer did not include a reasonable amount to cover legal fees. *See Paz*, 924 F.3d at 954–55. The settlement also did not touch on liability at all, potentially impacting Wadsworth's prevailing party status and thus ability to receive fees and costs later. *Cf. Shott v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 338 F.3d 736, 744 (7th Cir. 2003). Perhaps this case would be different if Kross added reasonable attorney's fees and costs to its settlement offer; alas, it did not.

Even if settlement and proportionality carried greater weight, neither factor is determinative. *See Moriarty*, 233 F.3d at 967. On this record, an unadjusted lodestar method still provides reasonable attorney's fees, seeing that Wadsworth's lawyers completed written discovery, five depositions, and cross motions for summary judgment over a 15-month period. *See id.* Kross failed to contest both these hours and the rates charged for them. Consequently, the Court grants Wadsworth's petition (Dkt. 45) for $45,550.00 in attorney's fees and $3,452.64 in costs under the FDCPA.

_____
Virginia M. Kendall
United States District Judge

Date: August 1, 2019